**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**(LUFKIN DIVISION)**

| | | |
|---|---|---|
| **CASCADE FUNDING MORTGAGE** | § | |
| **TRUST 2017-1** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. _____** |
| | § | |
| **MARY SUE LYLES** | § | |
| | § | |
| **Defendant.** | § | |

<u>**COMPLAINT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, Cascade Funding Mortgage Trust 2017-1, ("Plaintiff"), and files this Complaint, and complains of Mary S. Lyles ("Defendant") and for cause of action shows:

## I.   PARTIES

1.     Plaintiff is Cascade Funding Mortgage Trust 2017-1, with an address of 1140 Avenue of the Americas, 7th Floor, New York, NY 10036, is a statutory trust created under the laws of the State of Delaware.

2.     Defendant Mary Sue Lyles, is an individual residing in Nacogdoches County, Texas and may be served with citation at 620 Mockingbird Lane, Nacogdoches, Texas 75964, or wherever she may be found.

## II.   JURISDICTION AND VENUE

3.     This Court has jurisdiction over the parties and subject matter of this suit as set forth herein.

4.     The Court has original jurisdiction under 28 U.S.C. §1332, as (i) the Plaintiff was formed under the laws of the State of Delaware and maintains its principal office in New York

and the Defendant is a resident of Nacogdoches County, and (ii) the amount in controversy exceeds $75,000.00.

5.      The Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the Defendant resides in Nacogdoches County, Texas, this case involves real property located in Nacogdoches County, Texas, and the events giving rise to this claim occurring in this County.

### III.      BACKGROUND FACTS

7.      This case is brought forth to collect funds rightfully due to the Plaintiff in this matter from the condemnation proceeds of real property which secured a promissory note.

8.      Defendant was the owner of that certain real property generally known as 620 Mockingbird Lane, Nacogdoches, Texas 75964, and being more particularly described as follows:

> **All that certain Lot, Tract or Parcel of Land lying and situated in Nacogdoches County, Texas, being Lot Nineteen (19) in Block Two (2) of the Ravenscroft Addition to the City of Nacogdoches, Nacogdoches County, Texas, as shown and delineated on the Map or Plat of said Subdivision recorded in Vol. 1, page 74 of the Map and Plat Records of Nacogdoches County, Texas,** (hereinafter, the "Property").

9.      On or about November 30, 2007, Defendant Lyles and her husband executed that certain Texas Home Equity Note in the original principal sum of $91,600.00 (the "Note").  A true and correct copy of said Note is attached hereto as Exhibit "1", and fully incorporated herein.  Said Note was secured by that certain Texas Home Equity Security Instrument (the "Security Instrument") of even date therewith and executed by Defendant Lyles and her husband, recorded under Nacogdoches County Clerk's File No. 115543, granting the lender a superior lien

to the Property.  A true and correct copy of said Security Instrument is attached hereto as Exhibit "2", and fully incorporated herein.

10.     Defendant also executed that certain Texas Home Equity Affidavit and Agreement (the "Home Equity Affidavit") further securing the Note under Instrument No. 115544 filed in the Real Property Records of Nacogdoches County, Texas; a true and correct copy of same is attached hereto as Exhibit "3", and fully incorporated herein.

11.     As scheduled payments in accordance with the provisions of the Note have not been made, the Note was deemed in default.

12.     As the Note was a home equity loan, the lender instituted proceedings to foreclose on the Property on May 16, 2017, in the 145th Judicial District Court of Nacogdoches County, Texas, under Cause No. C1732803.  A Default Judgment was later granted on July 17, 2017; a true and correct copy of same is attached hereto as Exhibit "4", and fully incorporated herein.  At the time of these proceedings, the beneficiary and owner of the Note was FV-1, Inc., in Trust for Morgan Stanley Mortgage Capital Holdings LLC.

13.     Said judgment also set forth the amount required to pay the Note, being $107,754.58, and provides the lender with the right to institute foreclosure proceedings.

14.     After the foreclosure case was filed, but prior to the judgment being entered, the State of Texas filed condemnation proceedings to condemn all or part of the Property, in the County Court at Law for Nacogdoches County, Texas, under Cause No. CV1713927 (the "Condemnation Proceedings").

15.     However, the State of Texas failed to properly serve the correct owner of the Note, as the original petition in the Condemnation Proceedings named a prior owner of the Note as a party, US Bank National Association, as Trustee for CVF II Mortgage Loan Trust II.

16.     Below is a summary of the transactions that assigned the Note to various owners of the Note over the course of the loan, after the initially assigned by the original lender, EquiFirst Corp:

  a.    05/22/2014: assigned to Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-16;

  b.    05/28/2014:  assigned to US Bank National Association, as Trustee for CVF II Mortgage Loan Trust II;

  c.    05/02/16: assigned to FV-I, Inc., in Trust for Morgan Stanley Mortgage Capital Holdings LLC;

  d.    07/31/2017: assigned to WV 2017-I Grantor Trust;

  e.    9/20/2017: assigned to Cascade Funding, LP, Series 1; and

  f.    9/29/2017: assigned to Cascade Funding Mortgage Trust 2017-1.

A true and correct copy of said assignments are attached hereto as Exhibits "5a-5f".

17.     The Condemnation Proceedings were filed on June 8, 2017.  The State of Texas served U.S. Bank National Association with the petition, when in fact, as of May 2, 2016, the holder of the Note was FV-I, Inc., in Trust for Morgan Stanley Mortgage Capital Holdings LLC.

18.     Nevertheless, the condemnation proceedings progressed and, on December 5, 2017, an Award of Special Commissioners was submitted in the amount of $165,000.00.  A true and correct copy of said award is attached hereto as Exhibit "6".

19.     The Award was jointly to Mary Sue Rankin Lyles, City of Nacogdoches, Nacogdoches County, Nacogdoches ISD and WV 2017-I Grantor Trust, a Delaware Trust.

20.     Thereafter the State of Texas deposited the Award into the court's registry.

21.     As the Award was more than sufficient to cover the balance due on the Note, there was no action to be taken by Plaintiff, and it was up to the Defendant to challenge the Award.  However, no objection to the Award was made by Defendant.

22.     Thereafter, on January 10, 2018, Defendant, in the Condemnation Proceedings, filed her "Unopposed Motion for Release of Funds", seeking the release of the entire Award.  A true and correct copy of said motion is attached hereto as Exhibit "7" and fully incorporated herein.

23.     However, such motion was not served on the Plaintiff, and Defendant made no attempt to communicate with the Plaintiff or any lender in the chain of title.

24.     By the assignments of the mortgage recorded with the County, Defendant was on notice of who owned and was the beneficiary of the Note.

25.     Had Defendant communicated with the Plaintiff, it would have learned of the Plaintiff's opposition to such motion.

26.     Regardless, Defendant failed to serve the Plaintiff with said motion despite the (i) Award being payable to WV 2017-1 Grantor Trust, (ii) the Notice of Deposit filed by the State of Texas identifying WV 2017-1 Grantor Trust, and (iii) the Second Amended Petition for Condemnation identifying WV 2017-1 Grantor Trust as defendant.

27.     As Defendant failed to notice or serve Plaintiff with the alleged "Unopposed Motion to Withdraw Funds", Plaintiff could not, and did not file a response, and the Court in the Condemnation Proceedings released the entirety of the Award to the Plaintiff.

28.     While Defendant has placed the funds that equal the amount set forth in the default judgment in an IOLTA account maintained by Defendant's counsel, Defendant has not agreed to deliver such funds to the Plaintiff.

## IV.    BREACH OF CONTRACT

29.    Defendant entered into an agreement to repay all sums due under the Note.

30.    Defendant agreed to make all monthly payments, which were due on the 1st day of each month until maturity as stated in the Note.

31.    The Note matures on December 1, 2017.

32.    Defendant, in the Security Instrument, agreed to pay when due the principal and interest, and all late charges when due under the Note.

33.    There are no exceptions in the Note or the Security Instrument that allow the Defendant to not pay the sums due under the Note.

34.    However, Defendant failed to timely make all agreed payments and is in default of the Note, and failed to pay the balance of the Note after the Property was taken by the State of Texas.

35.    Defendant agreed in the Security Instrument that all condemnation awards (identified as "Miscellaneous Proceeds" in the Security Instrument) were assigned to and shall be paid to the Plaintiff.

36.    Defendant further agreed that in the event of a taking, the condemnation proceeds would be applied to the sums secured by the Security Instrument and the excess paid to the Plaintiff.

37.    However, Defendant has failed to repay the Note and failed to tender the condemnation award to the Plaintiff.

38.    As a result of the Defendant's actions and omissions, all of which are a breach of the Note and Security Instrument, the Plaintiff has incurred damages within the jurisdictional limits of this court.

## V.     DECLARATORY ACTION

39.     Plaintiff is a party interested under a deed, will, written contract or other writings constituting a contract whose rights, status or other legal relations are affected by a statute, municipal original, contract or franchise.  In this case, a declaratory judgment will serve to settle issues at law and provide relief from the controversy giving rise to this case.

40.     Plaintiff, as a real party-in-interest in the Condemnation Proceedings, is entitled to that portion of the Award for which there is a judgment entered for in the amount of $107,754.58.

41.     But for the Defendant's filing of a motion to withdraw funds from the Court's registry under the guise of an "unopposed" motion, Plaintiff would have collected that portion of the Award rightfully due to Plaintiff.

42.     Plaintiff seeks a declaration that Plaintiff is entitled to recover under the Award, recover the full amount set forth in the default judgment, and that Defendant release the funds to Plaintiff that satisfy the amount set forth in the default judgment.

## VI.     UNJUST ENRICHMENT

42.     Defendant has obtained a benefit from the Plaintiff by borrowing funds and failing to repay the money despite living in the Property.

43.     Further, Defendant obtained the entirety of the Award by taking undue advantage in filing an 'unopposed' motion without conferring with Plaintiff or noticing Plaintiff on such motion.

44.     Defendant has been unjustly enriched by Defendant's actions, and Plaintiff is entitled to damages as a result of such unjust enrichment.

## VII.     SPECIFIC PERFORMANCE

45.     Alternatively, Plaintiff seeks specific performance of the Note and the Security Instrument.

46.     Plaintiff fully performed under the Note and the Defendant has failed to repay the debt.

47.     Plaintiff seeks to require the Defendant to pay the sums due under the Note and as required under the Security Instrument.

## VIII. RESCISSION

48.     Alternatively, Plaintiff sues for rescission and seeks the return of the money which was borrowed by Defendant, plus damages to restore the Plaintiff its original position before the funds were loaned by Defendant.

## ATTORNEY FEES

49.     Plaintiff seeks its reasonable and necessary attorney fees incurred in prosecuting this matter for breach of contract as allowed under the law, and as allowed under 28 U.S.C. §2202.

## VIII.   PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial or judgment hereof, the Court enter judgment for Plaintiff and for other and further relief, at law or in equity, as to which the Plaintiff may be justly entitled.


Respectfully submitted,

**FOWELL LAW FIRM PLLC**

/s/ *Jason L. Fowell*
_____

Jason L. Fowell
Texas Bar No. 24040925
1523 Yale Street
Houston, Texas  77008

(832) 372-6766
(713) 623-6300 (Facsimile)
Jason@FowellLawFirm.com
ATTORNEY FOR PLAINTIFF